UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANGEL GUILLEN JUAREGUI, Petitioner, v. CHARLES CALLAHAN, Warden, Respondent. | Case No. 16-cv-07177-HSG (PR) **ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY** Re: Dkt. No. 7 |

Petitioner, a California state prisoner proceeding *pro se*, filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising one claim. In lieu of an answer, Respondent has filed a motion to dismiss the petition as procedurally barred. Petitioner has filed an opposition, and Respondent has filed a reply. For the reasons given below, the motion will be granted.

**BACKGROUND**

Petitioner was convicted in Contra Costa County Superior Court of one count of committing a forcible lewd act on a minor (Cal. Penal Code § 288(b)(1)) and ten counts of lewd conduct on a minor (Cal. Penal Code § 288(a)). All of the offenses were committed during one car trip in July or August of 2013, when Petitioner was driving the victim and others from Contra Costa County to Los Angeles. The trial court sentenced him to a total of 10 years in state prison. Eight years of that term were attributable to the forcible lewd act conviction, and the remaining portion of the sentence consisted of concurrent two-year terms for the lewd conduct convictions.

Ex. C at 1-3.[1]

On appeal Petitioner claimed that venue on the forcible lewd act count was improper under state law. He argued that the evidence at trial was that the offense had been committed far enough into the trip that it was more likely to have occurred in either Alameda County or Stanislaus County than in Contra Costa County. Petitioner argued that there had not been full compliance with the statutory requirements of California Penal Code section 784.7.[2] Ex. C at 3.

The Court of Appeal affirmed the conviction. It concluded that section 784.7 did not apply, and that venue was appropriate in Contra Costa County, pursuant to section 783[3] or, alternatively section 781[4], and that there was no statutory need for the District Attorneys of other counties to consent to the trial taking place in Contra Costa County. Ex. C at 4-8.

---

[1] All exhibits referenced are exhibits submitted by Respondent in support of the motion to dismiss.

[2] At the time of trial, this section provided:
> When more than one violation of Section 220, except assault with intent to commit mayhem, 261, 262, 264.1, 269, 286, 288, 288a, 288.5, or 289 occurs in more than one jurisdictional territory, the jurisdiction of any of those offenses, and for any offenses properly joinable with that offense, is in any jurisdiction where at least one of the offenses occurred, subject to a hearing, pursuant to Section 954, within the jurisdiction of the proposed trial. At the Section 954 hearing, the prosecution shall present evidence in writing that all district attorneys in counties with jurisdiction of the offenses agree to the venue. Charged offenses from jurisdictions where there is no written agreement from the district attorney shall be returned to that jurisdiction.

Cal. Penal Code § 784.7(a) (effective Jan. 1, 2003 to Dec. 31, 2014). The purpose of the statute is "to permit offenses occurring in different counties to be consolidated so that a victim may be spared having to testify in multiple trials in different counties." *People v. Aleem*, 144 Cal. App. 4th 1155, 1159 (2006).

[3] California Penal Code section 783 provides in pertinent part:
> When a public offense is committed . . . on board a . . . motor vehicle . . ., the jurisdiction is in any competent court, through . . . the jurisdictional territory of which the . . . motor vehicle . . . passes in the course of its . . . trip, or in the jurisdictional territory of which the . . . trip terminates.

Cal. Penal Code § 783 (2008).

[4] At the time of trial, California Penal Code section 781 provided:
> Except as provided in Section 923, when a public offense is committed in part in one jurisdictional territory and in part in another, jurisdictional territory or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more jurisdictional territories, the jurisdiction for the offense is in any competent court within either jurisdictional territory.

Cal. Penal Code § 781 (effective Jan. 1, 2013 to Dec. 31, 2013).

2

Petitioner filed a petition for review before the California Supreme Court in which he argued that the court of appeal erred as a matter of state law. Ex. A. The California Supreme Court denied review without an opinion. Ex. B.

Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court in which he argued that there was a Sixth Amendment violation of his vicinage right and that section 784.7 violated his Sixth Amendment vicinage right. Ex. D at 3. The California Supreme Court denied the petition stating: "The petition for writ of habeas corpus is denied. (*See In re Waltreus* (1965) 62 Cal. 2d 218, 225; *In re Dixon* (1953) 41 Cal. 2d 756, 759.)." Ex. E.

## DISCUSSION

In the instant petition, Petitioner raises a single claim: Contra Costa County was not the proper venue for his trial on the count of committing a forcible lewd act on a minor, and his trial therefore violated the Vicinage Clause of the Sixth Amendment. In the motion to dismiss, Respondent argues that Petitioner is precluded from obtaining federal habeas relief because the claim is procedurally barred.

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). In those cases in which the state court decision is based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 750.

Here, Petitioner raised his claim in his state habeas petition, and the California Supreme Court dismissed the claim with citations to *In re Dixon*, 41 Cal. 2d 756, 759 (1953) and *In re Waltreus* (1965) 62 Cal. 2d 218, 225. Ex. E. In *Dixon*, 41 Cal. 2d at 759, the California Supreme Court held that in order to bring a claim in a state habeas corpus action, a petitioner must first, if possible, have pursued the claims on direct appeal from his or her conviction unless the claim falls within certain exceptions. *See Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000). The *Dixon* rule is both an adequate and an independent state procedural rule. *Johnson v. Lee*, 136 S.

3

Ct. 1802, 1805-06 (2016) (per curiam).[5]

Procedural default, however, can be overcome if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The "cause standard" requires the petitioner to show "'some objective factor external to the defense impeded counsel's efforts' to raise the claim." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule," the Supreme Court has noted that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray*, 477 U.S. at 488 (internal quotation marks and citations omitted). As to the prejudice prong, Petitioner bears the burden of showing, "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). "To ascertain the level to which such errors taint the constitutional sufficiency of the trial, they must 'be evaluated in the total context of the events at trial.'" *See Paradis v. Arave*, 130 F.3d 385, 393 (9th Cir. 1997) (quoting *Frady*, 456 U.S. at 169).

To establish cause, Petitioner here argues that counsel on appeal was ineffective for failing to raise the Sixth Amendment claim. Ineffective assistance of counsel can provide an exception to procedural default. *See Murray*, 477 U.S. at 488 (1986). However, "the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 488-89. Here, Petitioner never raised a claim for ineffective assistance of counsel in state court, and therefore counsel's alleged ineffectiveness does not provide cause.

---

[5] *In re Waltreus* articulates the procedural requirement that a California habeas petitioner may not use habeas corpus to raise contentions that were rejected on appeal. *See In re Waltreus* (1965) 62 Cal. 2d 218, 225.

4

Nor does Petitioner satisfy the second possible exception to procedural default, namely, that the Court's failure to consider the claims will result in a fundamental miscarriage of justice. The "miscarriage of justice" exception is limited to habeas petitioners who can show, based on "new reliable evidence," that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995) (quoting *Murray*, 477 U.S. at 496); *see, e.g.*, *Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001) (holding petitioner must establish "factual innocence" in order to show fundamental miscarriage of justice would result from application of procedural default). In particular, Petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of [such] new evidence." *Schlup*, 513 U.S. at 327. Here, Petitioner submits no "new reliable evidence" establishing factual innocence.

Finally, to the extent Petitioner also contends that the California Supreme Court was in error in finding the Sixth Amendment claim had not been raised on appeal, Petitioner's argument is not grounds for avoiding the procedural bar. "A basic tenet of federal habeas review is that a federal court does not have license to question a state court's finding of procedural default, if based upon an adequate and independent state ground." *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995). Because the California courts are the final expositors of California law, the state court's conclusion that the state's *Dixon* rule was not satisfied is binding here. *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (federal courts lack jurisdiction to review state court applications of procedural rules; refusing to review state court's finding of procedural default). In any event, based on a review of Petitioner's petition for review in the California Supreme Court, Ex. A, this Court agrees that Petitioner did not raise a Sixth Amendment vicinage claim in state court.

Accordingly, the petition must be dismissed as procedurally defaulted.

## CONCLUSION

For the foregoing reasons:

1. Respondent's motion to dismiss the instant petition is GRANTED.

2. Petitioner has not shown "that jurists of reason would find it debatable whether the

5

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

    3. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: 11/30/2017

*signature*
HAYWOOD S. GILLIAM, JR.
United States District Judge